## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

              Plaintiff,

v.

CHRISTOPHER RYAN STAFFORD ,

              Defendant.

Case No. 23-CR-269-GKF

### Plea Agreement Pursuant to
### Federal Rule of Criminal Procedure 11(c)(1)(C)

The United States of America, by and through Clinton J. Johnson, United States

Attorney for the Northern District of Oklahoma, and Shakema M. Onias, Assistant

United States Attorney, and the defendant, CHRISTOPHER RYAN STAFFORD ,

in person and through counsel, Robert Ridenour, respectfully inform the Court that

they have reached the following plea agreement, pursuant to Fed. R. Crim. P.

11(c)(1)(C).

1.    **Plea**

The defendant agrees to enter a voluntary plea of guilty to the following:

**COUNT ONE: 18 U.S.C. §§ 922(g)(1) and 924(a)(8) – Felon in Possession of a Firearm and Ammunition**

Defendant's Initials

as set forth in the Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the count to which the defendant is pleading guilty.

**2.**   **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

    a.  the right to be indicted if proceeding by Information;

    b.  the right to plead not guilty;

    c.  the right to be tried by a jury, or, with the consent of the government, to be tried by a judge;

    d.  the right to an attorney at trial, including a court-appointed attorney if the defendant could not afford an attorney;

    e.  the right to assist in the selection of the jury;

    f.  the right to be presumed innocent, and to have the jury instructed that the government bears the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

    g.  the right to confront and cross-examine witnesses against the defendant;

    h.  the right to testify on their own behalf and present witnesses in their defense;

    i.  the right not to testify, and to have the jury instructed that the decision not to testify could not be used against the defendant;

    j.  the right to appeal a guilty verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

Defendant's Initials

k. the right to have a jury determine beyond a reasonable doubt any facts that could increase any mandatory minimum or maximum sentence; and

l. any rights and defenses under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that they may have to answer questions posed by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

**3.    Appellate and Post-Conviction Waiver**

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a. The defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence, including any fine, assessment, forfeiture, restitution order, term or condition of supervised release, or sentence imposed upon a revocation of supervised release; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b. The defendant expressly acknowledges and agrees that the government reserves all rights to appeal the sentence;

c. The defendant waives the right to appeal from the district court's denial of any post-conviction motion to reduce the term of supervised release or probation under 18 U.S.C. §§ 3583(e)(1) or 3564(c); and

d. The defendant waives the right to collaterally attack the conviction and sentence under 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except for claims of ineffective assistance of counsel.

3

Defendant's Initials

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

_____
**CHRISTOPHER RYAN STAFFORD**

**4.    Departure and Variance Waiver**

In consideration of the promises and concessions made by the government in this plea agreement, the defendant knowingly and voluntarily agrees not to request, recommend, or file a sentencing memorandum or a variance or departure motion seeking any sentence below that agreed upon by the parties pursuant to Rule 11(c)(1)(C).

**5.    Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**6.    Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all the rights afforded under Rule 11(f) of the Federal Rules of Criminal Procedure. Therefore, in any subsequent

Revised 10-21-22

4

CS
Defendant's Initials

proceeding, including a criminal trial, the following shall be admissible against the

defendant under Rule 801(d)(2)(A) of the Federal Rules of Evidence:

    a. A guilty plea that is later withdrawn or that the defendant seeks to withdraw, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C);

    b. The facts that the defendant has admitted under this plea agreement, as well as any facts to which the defendant admits in open court at the plea hearing, and any statement made in any proceeding under Rule 11 regarding this plea agreement, unless the plea is withdrawn pursuant to Fed. R. Crim. P. 11(c)(1)(C); and

    c. Any statement made during plea discussions with an attorney or agent for the government, or that were made pursuant to a proffer letter agreement, that resulted in a plea of guilty that is later withdrawn, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C).

## 7.    **Payment of Monetary Penalties**

a. *Enforcement*

    1) The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

    2) The defendant understands and agrees that under 18 U.S.C. § 3613 any monetary penalties or restitution imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule is a <u>minimum</u> schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    3) The defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court.

    4) The defendant agrees that any unpaid obligations will be submitted to the United States Treasury for offset, so that any federal payment or transfer of

CS
Defendant's Initials

returned property the defendant receives may be applied to federal debts and will not be limited by a payment schedule.

5) The defendant agrees that any restitution debt may not be discharged in any bankruptcy proceeding.

b. *Disclosure of Financial Information*

1) The defendant agrees to provide complete information regarding all victims potentially entitled to restitution.

2) The defendant agrees to provide truthful and complete financial information, as requested by the United States Probation Office for the preparation of the presentence report.

3) The defendant agrees to complete, under penalty of perjury, the required financial statement form not later than two weeks after the defendant enters a guilty plea. The defendant agrees to update any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

4) The defendant agrees to submit, before and after sentencing, to depositions and interviews regarding the defendant's financial status, as deemed necessary by the United States Attorney's Office.

5) The defendant authorizes the United States Attorney's Office to obtain the defendant's credit report. The defendant also agrees to provide waivers, consents, or releases, valid for 120 days after sentencing, to allow the U.S. Attorney's Office to access records to verify financial information.

6) The defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

7) The defendant's failure to timely and accurately complete and sign the financial statement, and any necessary updates, may, in addition to any other penalty or remedy, constitute a failure to accept responsibility under U.S.S.G § 3E1.1.

8) The defendant agrees to pay the special assessment within 10 days of sentencing and to provide proof of that payment.

6

CS
Defendant's Initials

**8.**     **Forfeiture Agreement**

The defendant agrees to the forfeiture to the United States, pursuant to 18 U.S.C.

§ 924(d)(1) and 28 U.S.C. § 2461(c), any and all firearms and ammunition involved

in or used in a knowing or willful commission of the charged offenses, including but

not limited to:

**FIREARMS AND AMMUNITION**

1.     A Smith & Wesson, Model SW9VE, 9mm caliber semi-automatic pistol,
       serial number DUN0788; and

2.     Approximately 14 rounds of assorted ammunition.

Defendant agrees to take all steps as requested by the forfeiting authority to pass

clear title to forfeitable assets, including, but not limited to, the execution of a

consent decree of forfeiture and the completion of any other legal documents

required for the transfer of title.

Defendant agrees that the forfeited property is subject to seizure and forfeiture by

the United States, and that no defense exists to the seizure and forfeiture of this

property by the United States.  As such, defendant hereby relinquishes all claim, title,

and interest in the above-referenced property to the United States and agrees not to

oppose any civil, administrative, or judicial forfeiture of the property.

Defendant waives any and all interest in the above property and consents to their

forfeiture by whatever process the government chooses.  Defendant agrees that the

government may use this waiver and consent in any administrative or judicial

Defendant's Initials

forfeiture proceeding, whether criminal or civil, state, local or federal. If defendant has filed a claim to the above-mentioned assets in any forfeiture process, defendant hereby agrees to withdraw it. Defendant further agrees not to file a claim to the above identified assets or properties in any future forfeiture proceeding of whatever type. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of any of the seized property, defendant hereby abandons any interest in such property and consents to its destruction by, and/or abandonment to, the law enforcement agency.

The defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted. The defendant further understands that pursuant to Rule 32.2(b)(4)(A), the order of forfeiture will become final as to the defendant upon entry. The defendant waives notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## 9.    **Special Assessment**

Defendant's Initials

a. The defendant hereby agrees to pay the total Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the sentencing hearing or as otherwise directed by the District Court.

**10.   Factual Basis and Elements**

To convict defendant under 18 U.S.C. §§ 922(g)(1) and 924(a)(8), the government must prove the following elements beyond a reasonable doubt:

> **First:** The defendant knowingly possessed a firearm and ammunition;
>
> **Second:** the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding on year, before he possesses the firearm and ammunition;
>
> **Third:** the defendant knew he was convicted of a felony at the time he possessed a firearm and ammunition; and
>
> **Fourth**:  before the defendant possessed the firearm and ammunition had moved at some time from one state to another for from a foreign country to the United States.

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, CHRISTOPHER RYAN STAFFORD , admits to knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crime alleged in Count One in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crime.

9



Defendant's Initials

I, Christopher Ryan Stafford, admit that on or about July 23, 2023, in Tulsa, OK, I knowingly possessed a Smith & Wesson, Model SW9VE, 9mm caliber semi-automatic pistol, serial number DUN0788 and ammunition.  At the time I possessed the firearm and ammunition, I knew I was a convicted felon, having previously been convicted of a crime punishable by more than a year in prison.  At the time I possessed the firearm, the firearm had previously moved in interstate or foreign commerce, by moving from one state to another or from a country to the United States. This all occurred within the Northern District of Oklahoma.

_____       9/28/2023
CHRISTOPHER RYAN STAFFORD              Date
Defendant

## 11.    **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.,* violation of federal criminal laws) not discovered by or revealed to the government before the date of this agreement or occurring after the date of this agreement.

Revised 10-21-22

CS
_____
Defendant's Initials

## 12.    Dismissal of Remaining Counts

If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, except as provided in Fed. R. Crim. P. 11(c)(1)(C), or, if the district court rejects this plea agreement or fails to impose the sentence agreed upon by the parties under Fed. R. Crim. P. 11(c)(1)(C), any charges that were to be dismissed or have been dismissed pursuant to this plea agreement may be reinstated or re-presented to a grand jury, and the government will be free to prosecute the defendant for all charges. Under these circumstances, the defendant waives any right to argue that the Double Jeopardy clause bars the defendant's federal prosecution, as well as any objections, motions, or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the timeliness of any renewed charges.

## 13.    Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the government agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The government agrees to file a motion recommending that the Court grant an additional one-level reduction under U.S.S.G. § 3E1.1(b), if the defendant's Guidelines offense level qualifies him for such a reduction. The

11

Defendant's Initials

sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court will ultimately decide whether to apply any § 3E1.1 reduction for timely acceptance of responsibility.

Any agreement to recommend an acceptance-of-responsibility reduction is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the government. If the defendant (1) falsely denies, or makes conflicting statements as to, his involvement in the crime to which he is pleading, (2) falsely denies or frivolously contests conduct that the Court determines to be relevant conduct as defined in USSG § 1B1.3, (3) willfully obstructs or attempts to obstruct or impede the administration of justice as defined in USSG § 3C1.1, (4) perpetrates or attempts to perpetrate crimes while awaiting sentencing, or (5) advances false or frivolous issues in mitigation, the government expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

## 14.  **Sentence**

   a. *Imprisonment*

The defendant acknowledges that under 18 U.S.C. §§ 922(g)(1) and 924(a)(8) the maximum statutory sentence is 15 years of imprisonment and a fine of not more than $250,000.

Revised 10-21-22

*CS*
Defendant's Initials

b. *Supervised Release*

Additionally, the defendant is aware, if imprisonment is imposed, that the Court may include as part of the sentence a requirement that after imprisonment the defendant be placed on a term of supervised release of no more than 3 years. Violation of any condition of supervised release may result in revocation, or modification of the conditions, of supervised release, which may in turn result in additional incarceration consistent with 18 U.S.C. § 3583(e).

c. *Guidelines*

The defendant is aware that the Sentencing Guidelines are advisory. The Court, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing.

**15.** **Stipulations**

The defendant and the United States agree and stipulate to the following facts:

a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition in this case is a sentence of 30 months of imprisonment and 36 months of supervised release. This stipulated sentence departs downward from the anticipated guideline calculation for the violations to which the defendant is pleading guilty. The parties have considered various factors in fashioning this sentence, including the defendant's acceptance of responsibility, the strength of the evidence, and the interests of justice. For these reasons, a sentence of 30 months of imprisonment and 36 months of supervised release meets the sentencing goals for this type of case and this defendant.

Revised 10-21-22

13


Defendant's Initials

The parties agree upon this sentence regardless of any advisory Sentencing Guidelines calculations.

b.  The parties agree that the Court must either accept this plea agreement and impose the sentence agreed upon in the previous subparagraph or reject this plea agreement and allow the defendant to withdraw his plea of guilty. If the court accepts this plea agreement and nonetheless fails to impose the agreed-upon sentence, this agreement will be void, and either the defendant or the government may appeal the Rule 11 violation, the sentence imposed, or both. If the court rejects the plea agreement, but the defendant elects not to withdraw his plea of guilty, this agreement will be void, and the government may argue for a sentence above the agreed-upon range, reinstate or re-present to a grand jury any charges that were dismissed or were to be dismissed pursuant to this agreement, and appeal the sentence imposed. If the defendant has pleaded guilty to any lesser-included offense, the Court's rejection of this plea agreement or failure to impose the agreed-upon sentence will result in reinstatement of the greater offense.

Having been fully apprised by defense counsel of the right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** that right, and stipulates that defendant is not a "prevailing party" in connection with this case.

16.  <u>**Limitations**</u>

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits,

Revised 10-21-22



Defendant's Initials

binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

**17.** **Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. The Court shall determine whether a party has completely fulfilled all its obligations under this agreement in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. If the Court determines that the defendant has breached the plea agreement, the government may declare this agreement null and void, and the defendant will be subject to prosecution for any criminal violation, including but not limited to any crimes or offenses contained in or relating to the charges in this case, as well as false statement, obstruction of justice, or any other crime committed by the defendant during this prosecution.

15

Revised 10-21-22

CS
Defendant's Initials

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from the guilty plea or this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5), except if the Court determines that the government has breached the plea agreement as set forth above, and except as provided in Fed. R. Crim. P. 11(c)(1)(C).

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), if CHRISTOPHER RYAN STAFFORD , after entry of a plea of guilty, unsuccessfully attempts to withdraw that guilty plea, the government may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement, unless the Court determines that the government acted in bad faith to bring about the attempted plea withdrawal.

## 18.   Conclusion

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as it does in every case, even if there are no additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

16



Defendant's Initials

SO AGREED:

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

_____        _____
SHAKEMA M. ONIAS                        Dated 9/28/23
Assistant United States Attorney

_____        _____
ROBERT RIDENOUR                         Dated 9/28/23
Attorney for Defendant

_____        _____
CHRISTOPHER RYAN STAFFORD               Dated 9/28/23
Defendant

Revised 10-21-22

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____                _____9/28/23_____

CHRISTOPHER RYAN STAFFORD                         Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____                _____9/28/23_____

ROBERT RIDENOUR                                   Dated
Counsel for the Defendant

Revised 10-21-22

CS
Defendant's Initials